# United States Bankruptcy Court
## District of Massachusetts

# THIRD AMENDED CHAPTER 13 PLAN

Filing Date: **03/19/2010**

Docket #: **10-12846**

Debtor: **Manetas, Ourania A.**

Co-Debtor:

SS#: **4766**

SS#:

Address: **622 Trapelo Road**

Address:

**Belmont, MA  02478**

Debtor's Counsel:

**Midgley Legal Services, LLC
P.O. Box 2577
Attleboro Falls, MA  02763-0894**

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

# United States Bankruptcy Court
## District of Massachusetts

## THIRD AMENDED CHAPTER 13 PLAN

Docket#: **10-12846**

DEBTORS: (H) **Manetas, Ourania A.**　　　　　　　SS# **4766**
　　　　　(W) _____　　　　SS# _____

### I. PLAN PAYMENT AND TERM:

Debtor(s) shall pay monthly to the Trustee the sum of $ **50.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
☐ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause: insufficient income to pay in 36 months
☒ Months. The Debtor states as reasons therefore: sale plan for 12 months

### II. SECURED CLAIMS:

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **American Home Mortgage** | arrears | 13,186.86 |
| | Total of secured claims to be paid through the Plan: $ | **13,186.86** |

B. Claims to be paid directly to creditors (not through plan):

| Creditor | Description of Claim |
|---|---|
| **American Home Mortgage Servicing, Inc.** | **mortgage on property located at 622 trapelo road, belmont, ma** |
| **Fairview Mortgage** | mortgage on property located at 628 Trapelo Road, Belmont, ma |
| **Internal Revenue Service** | taxes-$60,777.01 |
| **Massachusetts Department of Revenue** | taxes-$81,841.50 |

C. Modifications of Secured Claims:

| Creditor | Details of Modification (Additional details may be attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **None** | | |

D. Leases:

i. The Debtor(s) intend(s) to reject the residential/personal property lease claims of:
**None**

ii. The Debtor(s) intend(s) to assume the residential/personal property lease claims of :
**None**

iii. The arrears under the lease to be paid under the plan are _____

### III. PRIORITY CLAIMS:

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Town Of Belmont | electric bill for 622 trapelo road, belmont, ma | 517.60 |
| Town Of Belmont | re taxes for 622 trapelo road, belmont, ma | 4,529.53 |
| Internal Revenue Service | taxes | 5,000.00 |
| MA Department of Revenue | taxes | 11,686.40 |
| | Total of Priority Claims to Be Paid Through the Plan: $ | 21,733.53 |

IV. ADMINISTRATIVE CLAIMS:

A. Attorneys fees (to be paid through the Plan): $ **0.00**.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

V. UNSECURED CLAIMS:

The general unsecured creditors shall receive a dividend of **100.00**% of their claims.

A. General unsecured claims: $ 13,224.00

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| | Total of A + B + C unsecured claims: $ | 13,224.00 |

D. Multiply total by percentage: $ **13,224.00**.
(Example: total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **None** | | |
| | Total amount of separately classified claims payable at **100**%: $ | 0.00 |

VI. OTHER PROVISIONS:

A. Liquidation of assets to be used to fund Plan: sale of 628 Trapelo Road, Belmont, Massachusetts, secured parties listed in Section IIA will receive the listed payments from closing attorney. Fairview will receive direct payment of $538,522.36 plus per diem of $183.22 per day, Chapter 13 Trustee will be paid $38,841.20 for administration to pay priority and unsecured proof of claims.

B. Miscellaneous provisions: 11 payments of $50.00 and the balance will be made via a 1 time payment to the trustee in the amount of $52,944.00 from the sale to pay the plan.

VII. CALCULATION OF PLAN PAYMENT:

| | | |
|---|---|---|
| a. Secured claims (Section I-A Total): | $ | 13,186.86 |
| b. Priority claims (Section II-A & B Total): | $ | 21,733.53 |
| c. Administrative claims (Section III-A & B Total): | $ | 0.00 |
| d. Regular unsecured claims (Section IV-D Total): + | $ | 13,224.00 |
| e. Separately classified unsecured claims: | $ | 0.00 |

f. Total of a + b + c + d + e above: $ 48,144.39
g. Divide (f) by .90 for total including Trustee's fee: Cost of Plan: $ 53,494.00
    (This represents the total amount to be paid into the Chapter 13 Plan)
h. Divide (g) Cost of Plan by Term of Plan: **12** months
i. Round up to nearest dollar: Monthly Plan Payment: $ 50.00
    (Enter this amount on Page 1)

Pursuant to 11 U.S.C. §1326(a)(1) unless the Court orders otherwise, debtor shall commence making the payments proposed by a plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make pre-confirmation adequate protection payments directly to the secured creditor.

VIII. LIQUIDATION ANALYSIS

A. Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| house and diner located at 628 trapelo road, belmont, ma | 900,000.00 | 546,475.41 |
| residence located at 622 trapelo road, belmont, ma | 333,000.00 | 408,024.30 |

Total Net Equity for Real Property: $ 353,524.59
Less Total Exemptions (Schedule C): $ 0.00
Available Chapter 7: $ 353,524.59

B. Automobile

| Describe year, make and model | Value | Lien | Exemption |
|---|---|---|---|
| 1990 buick | 400.00 | 0.00 | 400.00 |

Total Net Equity: $ 400.00
Less Total Exemptions (Schedule C): $ 400.00
Available Chapter 7: $ 0.00

C. All Other Assets (All remaining items on Schedule B): (Itemize as necessary)

Total Net Value: $ 152,455.00
Less Exemptions (Schedule C): $ 13,200.00
Available Chapter 7: $ 139,255.00

D. Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions: $ **492,779.59**.

E. Additional Comments regarding Liquidation Analysis:

IX. SIGNATURES

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

/s/ Stephen K. Midgley                                    , 2010
Debtor's Counsel                                          Date

Attorney's Address:
Midgley Legal Services, LLC
P.O. Box 2577
Attleboro Falls, MA 02763-0894

Tel. # 508-261-9010                    Email Address: midgleylawverizon.net

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE

TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

X /s/ Ourania A. Manetas _[signature]_ 7/27, 2010
Debtor                                    Date

_____  _____, 2010
Debtor                              Date

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: ) <br> Ourania A. Manetas ) <br> ) <br> ) <br> Debtor ) <br> ) | Chapter 13 <br><br> Case No: 10-12846 |

### CERTIFICATE OF SERVICE

I, Stephen K. Midgley, certify that on July 2) , 2010 , I mailed first class mail copy of the Third Amended Chapter 13 Plan to :

Ourania Manetas
622 Trapelo Road
Belmont, MA

SEE ATTACHED LIST OF CREDITORS

and via electronic mail to John Fitzgerald, U.S. Trustee, and Carolyn Bankowksi, Chapter 13 Trustee.

_____
Stephen K. Midgley
B.B.O: 549701
Midgley Legal Services, LLC
P.O. Box 2577
Attleboro Falls, Ma 02763
Telephone: (508)261-9010
Fax: (508) 339-0222

American Home Mortgage Servicing, Inc.
1525 S. Beltline Road, Suite 100 N
Coppell, TX   75019


Commonwealth Of Massachusetts
Division Of Workforce Development
One Ashburton Place,  Suite 2112
Boston, MA   02108


Discover  Financial Services LLC
P.O. Box 15316
Wilmington, DE   19850


Fairview Commercial Lending, Inc.
James P. Mitchell, Esq.
20 West Emerson Street
Melrose, MA   02176


Household Finance  Corporation II
Shechtman, Halperin, Savage, LLP
352 Newbury Street
Boston, MA   02115


Humana
P.O. Box 533
Carol Stream, IL   60132


Internal Revenue Service
Centralized Insolvency Operation
P.O. Box 21126
Philadelphia, PA   19114


Internal Revenue Service
Centralized Inxolvency Operation
P.O. Box 21126
Philadelphia, PA   19114

Massachusetts Department Of Revenue
Bankruptcy Unit
P.O. Box 55484
Boston, MA  02205


National Grid
Processing Center
Woburn, MA  01807


Town Of Belmont
40 Prince Street
Belmont, MA  02478


Town Of Belmont
Municipal Light Department
P.O. Box 168
Belmont, MA  02478


Town Of Belmont
P.O. Box 168
Belmont, MA  02478